**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DORENE MIRANDA,**

     Plaintiff,

**vs.**          **CASE NO.** _____

**UNITED RECEIVABLES GROUP, LLC**
**(a South Carolina company),**

**and**

**ANGEL LOPEZ (an individual),**

**and**

**FELIX LOPEZ (an individual),**

**and**

**ROB ROGERS (an individual),**

**and**

**MICHAEL LAMB (an individual),**

     Defendants.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1. Plaintiff alleges that Defendants committed multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA") when they used illegal collection techniques in an attempt to collect an illegitimate debt from Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).   See Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

## PARTIES

3. Plaintiff, Dorene Miranda is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4. Defendant, United Receivables Group, LLC ("URG") is a foreign business corporation organized and existing under the laws of the State of South Carolina with its principal place of business and corporate offices at 775 Addison Ave., Rock Hill, South Carolina.

5. According to its website, "Since early 2013, United Receivables Group has aided creditors in collecting delinquent accounts receivables. Based in Rock Hill, South Carolina, we handle a variety of account types as a 3rd party collection agency. We recover delinquencies on credit cards, retail defaults, installment loans, title loans, payday loans, and more." http://urgonline.com/ (last visited March 28, 2017)

6. Defendant, Angel Lopez, is the President and Managing Member of Defendant, URG.

7. Upon information and belief, Defendant, Angel Lopez, is personally involved in the day-to-day operations of URG including the hiring, training, and managing of employees.

8. Upon information and belief, Defendant, Angel Lopez, was personally involved in the attempted collection of the alleged debt from Plaintiff.

9. Defendant, Felix Lopez, is the Vice President and a Member of Defendant, URG.

10. Upon information and belief, Defendant, Felix Lopez, is personally involved in the day-to-day operations of URG including the hiring, training, and managing of employees.

11. Upon information and belief, Defendant, Felix Lopez, was personally involved in the attempted collection of the alleged debt from Plaintiff.

12. Defendant, Rob Rogers, is the Operations Manager of Defendant, URG.

13. Upon information and belief, Defendant, Rob Rogers, is personally involved in the day-to-day operations of URG including the hiring, training, and managing of employees.

14. Upon information and belief, Defendant, Rob Rogers, was personally involved in the attempted collection of the alleged debt from Plaintiff.

15. Defendant, Michael Lamb, is the Compliance Manager for Defendant, URG.

16. Upon information and belief, Defendant, Michael Lamb, is personally involved in the day-to-day operations of URG including the hiring, training, and managing of employees.

17. Defendant, Michael Lamb, was personally involved in the attempted collection of the alleged debt from Plaintiff.

18. Upon information and belief, Defendants URG, Angel Lopez, Felix Lopez, Rob Rogers, and Michael Lamb have functioned as a single business enterprise. The Defendants have integrated their resources to achieve a common business purpose. There has been a blurring of the identities and lines of distinctions between the Defendants.

19. Upon information and belief, Defendants URG, Angel Lopez, Felix Lopez, Rob Rogers, and Michael Lamb are sharing in the money being collected by a common business enterprise.

20. Upon information and belief, Defendants URG, Angel Lopez, Felix Lopez, Rob Rogers, and Michael Lamb functioned as the alter ego of each other. The Defendants, in their business dealings, operated with unity, and the separateness of each entity has ceased to the extent that holding only one entity or person responsible would be an injustice.

21. Upon information and belief, Defendants, Angel Lopez, Felix Lopez, Rob Rogers, and Michael Lamb established the policies of or carried out the practices of URG regarding the TCPA or authorized those policies and practices complaint of herein.

22. Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

23. Any reference hereinafter to "Defendant" of "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

24. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

25. Defendant regularly collects or attempts to collect debts for other parties.

26. Defendant is a "debt collector" as that term is defined in the FDCPA and FCCPA.

27. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

28. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, Defendant attempted to collect from Plaintiff a debt allegedly incurred to SonicCash. Hereinafter referred to as the "alleged debt."

29. In an attempt to collect the alleged debt, Defendant left the following pre-recorded messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> <u>March 3, 2016 at 12:16 PM</u>
> Press 0 to be connected to one of our agents immediately or call 855-820-8101. Again, this is an important message from URG. This call is from a debt collector. Please press 0 to be connected to one of our agents immediately or call 855-820-8101.
>
> <u>March 4, 2016 at 1:01 PM</u>
> Please press 0 to be connected to one of our agents immediately or call 855-820-8101. Again this is an important message from URG and this call is from the debt collector. Please press 0 to be

connected to one of our agents immediately or call 855-820-8101.

March 7, 2016 at 12:29 PM
Please press 0 to be connected to one of our agents immediately or call 855-820-8101. Again, this is an important message from URG and this call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 855-820-8101.

March 17, 2016 at 4:18 PM
Please press 0 to be connected to one of our agents immediately or call 855-820-8101. Again, this is an important message from URG and this call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 855-820-8101.

March 22, 2016 at 3:03 PM
Press 0 to be connected to one of our agents immediately, or call 866-887-0052. Again, this is an important message from URG. This call is from a debt collector. Please press 0 to be connected to one of our agents immediately, or call 866-887-0052.

March 23, 2016 at 5:20 PM
Please press 0 to be connected to one of our agents immediately or call 866-887-0052. Again, this is an important message from URG. This call is from a debt collector. Please press 0 to be connected to one of our agents immediately or call 866-887-0052.

March 25, 2016 at 3:47 PM
This is an important message from URG. This call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 866-887-0052. Again, this is an important message from [URG.]This call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 866-887-0052.

March 28, 2016 at 12:08 PM
Please press 0 to be connected to one of our agents immediately or call 866-887-0052. Again, this is an important message from URG. This call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 866-887-0052.

March 31, 2016 at 4:59 PM
Please press 0 to be connected to one of our agents immediately or call 855-422-3230. Again, this is an important message from

> URG. This call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 855-422-3230.
>
> April 6, 2016 at 3:24 PM
> This call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 855-422-3230. Again, this is an important message from URG. This call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 855-422-3230.
>
> April 7, 2016 at 4:24 PM
> Please press 0 to be connected to one of our agents immediately or call 855-422-3230. Again, this is an important message from URG. This call is from the debt collector. Please press 0 to be connected to one of our agents immediately or call 855-422-3230.
>
> April 12, 2016 at 3:52 PM
> Please press 0 to be connected to one of our agents immediately or call 855-422-2230. Again, this is an important message from URG. This call is from a debt collector. Please press 0 to be connected to one of our agents immediately or call 855-422-2230.
>
> April 13, 2016 at 1:39 PM
> Please press 0 to be connected to one of our agents immediately or call 888-407-4934. Again, this is an important message from URG. This call is from a debt collector. Please press 0 to be connected to one of our agents immediately or call 888-407-4934.

30. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

31. Section 1692d(6) of the FDCPA prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

32. Defendant is not authorized to conduct business in Florida as "URG".

33. Defendant failed to provide meaningful disclosure of its identity in the telephone messages when it identified itself only as "URG" when its true name is United Receivables Group.

34. On or about August 15, 2016, Defendant sent Plaintiff the collection letter attached hereto as **Exhibit A**. (The letter has been redacted to comply with Fed. R. Civ. P. 5.2 "Privacy Protection for Filings Made with the Court".)

35. Exhibit A is the only written communication Plaintiff has received from Defendant.

36. Exhibit A identifies Defendant only as "URG."

37. Exhibit A states that the original creditor is "SonicCash."

38. Exhibit A is signed by Defendant, Michael Lamb.

39. Plaintiff does not recall ever doing business with SonicCash.

40. Upon information and belief, Plaintiff was never indebted to SonicCash.

41. Upon information and belief, SonicCash does not issue consumer loans rather it matches consumers with online payday loan lenders and is therefore not a creditor.

42. The loans advertised by SonicCash are deferred presentment transactions as defined by Florida Statute section 560.402(3), which are commonly known as payday loans.

43. Companies wishing to engage in deferred presentment transactions in the State of Florida must be licensed as a money services business under Chapter 560, Florida Statutes, Part II or Part III. Fla. Stat. § 560.403.

44. SonicCash is not licensed to engage in deferred presentment transactions in the State of Florida.

45. Upon information and belief, the online payday loan lenders that SonicCash matches consumers with are not licensed to engage in deferred presentment transactions in the State of Florida.

46. Accordingly, any loans initiated through the SonicCash website are void pursuant to Florida Statue section 560.125(1) as the lenders are not authorized to conduct deferred presentment transactions in the State of Florida.

47. Florida Statute section 560.125(1) states:

> A person may not engage in the business of a money services business or deferred presentment provider in this state unless the person is licensed or exempted from licensure under this chapter. A deferred presentment transaction conducted by a person not authorized to conduct such transaction under this chapter is void, and the unauthorized person has no right to collect, receive, or retain any principal, interest, or charges relating to such transaction.

48. Alternatively, the loans initiated through the SonicCash website are "consumer finance loans" as they are loans for less than $25,000.00 at an interest rate above 18 percent per annum. Fla. Stat. § 516.01.

49. "A person may not engage in the business of making consumer finance loans unless she or he is authorized to do so under this chapter or other

statutes and unless the person first obtains a license from this office." Fla. Stat. § 516.02(1).

50. Loans at an interest rate above 18 percent per annum made by persons not licensed to make consumer finance loans are "not enforceable in this state." Fla. Stat. § 516.02(c).

51. SonicCash is not licensed to engage in making consumer finance loans in the State of Florida.

52. Upon information and belief, the online payday loan lenders that SonicCash matches consumers with are not licensed to engage in making consumer finance loans in the State of Florida.

53. Upon information and belief, the loans initiated through the SonicCash website have interest rates exceeding 45% per annum.

54. Florida law makes it a felony of the third degree to extend credit to any person with an interest rate exceeding 45% per annum. Fla. Stat. § 687.071(3).

55. Pursuant to Florida Statute § 687.071(7), "No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state."

56. Accordingly, even if Plaintiff did use the SonicCash website to take out a loan, that loan would be illegal in the State of Florida.

57. Defendant attempted to collect the alleged debt, therefore, Defendant attempted to collect an illegitimate debt from Plaintiff.

58. Upon information and belief, Defendant knew the debt was illegitimate.

59. Exhibit A states the debt was charged-off on January 1, 2010.

60. Even if the debt was otherwise valid, the statute of limitations to sue on the purported debt has expired.

61. Exhibit A states, "At this time you have the right to settle your claim for the amount of $."

62. The statement described above in Paragraph 61 is likely to mislead the least sophisticated consumer to believe that the debt is legally enforceable. See McMahon v. LVNV Funding, LLC, No. 13-2030 (7th Cir. Mar. 11, 2014); see also Palmer v. Dynamic Recovery Solutions, LLC, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May. 4, 2016) ("The failure to disclose that a debt is barred by the statute of limitations would likely mislead the least sophisticated consumer as to the character or legal status of his or her debt, thus violating § 1692e(2)(A). Although this nondisclosure is itself sufficient to violate the FDCPA, the letters go one step further by asking the consumer to 'settle' his or her account. Such settlement offers serve only to compound confusion over the debt's true character or legal status, as a consumer researching what 'settlement' means would

reasonably find the dictionary's definition of the term: 'an act of bestowing or giving possession under legal sanction.' Consequently, the dunning letter in this case is doubly misleading by failing to disclose that the debt it seeks to collect is time-barred and by giving the false impression that Cascade could sue to enforce the debt.") (internal citations omitted)

63. Under 15 U.S.C. § 1692g(a) within five days of the initial communication Defendant was required to provide Plaintiff with a written notice containing—

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

64. To date, Plaintiff has not received the notice required by 15 U.S.C. § 1692g(a).

65. Defendant's actions were willful.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

66. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

67. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its true name in the telephone messages in violation of 15 U.S.C § 1692d(6).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FALSE REPRESENTATION OF DEBT
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

68. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

69. Defendant falsely represented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III
### USE OF FALSE REPRESENTATIONS OR DECEPTIVE MEANS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

70. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

71. Defendant used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT IV
### USE OF FALSE NAME IN VIOLATION OF 15 U.S.C. § 1692e(14)

72. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

73. Defendant used a business, company, or organization name other than a true name of the debt collector's business, company or organization in violation of 15 U.S.C. §1692e(14).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT V
## UNFAIR PRACTICES
## IN VIOLATION OF 15 U.S.C. § 1692f(1)

74. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

75. Defendant attempted to collect an amount not authorized by law in violation of 15 U.S.C. § 1692f(1).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT VI
## FAILURE TO SEND WRITTEN NOTICE
## IN VIOLATION OF 15 U.S.C. § 1692g(A)

76. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

77. Defendant failed to send Plaintiff the written notice required by 15 U.S.C. §1692g(A) within five (5) days of the initial communication in violation of 15 U.S.C. §1692g(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT VII
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

78. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

79. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT VIII
## ENFORCING ILLEGITIMATE DEBT
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

80. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

81. Defendant claimed or attempted to enforce a debt Defendant knew was not legitimate in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT IX
## AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

82. Plaintiff incorporates Paragraphs 1 through 65 above as if fully set forth herein.

83. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. A declaration that Defendant's debt collection practices violate the TCPA;

   c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

   d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ James S. Giardina*
[ X] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877

Tel: (813) 435-5055 ext 101  
Fax: (866) 535-7199  
James@ConsumerRightsLawGroup.com  
Kim@ConsumerRightsLawGroup.com  
*Counsel for Plaintiff*